UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV-117-J

GARY G. JONES                                                                                    PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                   DEFENDANT

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the Commissioner's objections to the proposed findings and recommendation of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed findings and recommendation should be adopted, and the case should be remanded without limitation for consideration of whether the plaintiff is entitled to a deductible impairment-related work expense and, if necessary, for completion of the sequential evaluation process.

The Commissioner has raised the following objections:

1)   The plaintiff failed to produce evidence that his monthly income does not meet the presumptive threshold for substantial gainful activity.

2)   It is doubtful that the plaintiff's medications would qualify as legitimately deductible impairment-related work expenses under 20 C.F.R. §404.1576.

After reviewing the record in its entirety and conducting a de novo review of the matters raised by each of these objections, and the analyses and conclusions of the Magistrate Judge mirror those of the undersigned. This Court lacks sufficient evidence to determine whether the plaintiff's medications and medical equipment qualify as deductible impairment-related work expenses under 20 C.F.R. §404.1576. As noted by the magistrate, subpart (b)(1) of this regulation allows for the

deduction of impairment-related work expenses if a claimant is otherwise disabled as defined in §§ 404.1505, 404.1577, and 404.1581-404.1583. The ALJ's blanket statement that Mr. Brown is not under a "disability" as defined in the Social Security Act, without more, is beyond meaningful judicial review for purposes of applying 20 C.F.R. §404.1576(b) to allow an impairment-related work expense deduction.

For these reasons, the case is remanded without limitation for consideration of whether the plaintiff is entitled to a deductible impairment-related work expense and, if necessary, for completion of the sequential evaluation process.

A judgment in conformity has this day entered.